[Cite as *State v. Bell*, 2012-Ohio-851.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | Hon. W. Scott Gwin, J.<br>Hon. William B. Hoffman, J. |
| -vs- | Case No. 11-COA-019 |
| TERRI L. BELL | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING: Appeal from the Ashland County Common Pleas Court, Case No. Trial Court Number 10-CRI-118


JUDGMENT: Reversed and Remanded


DATE OF JUDGMENT ENTRY: February 29, 2012


APPEARANCES:


For Plaintiff-Appellee                    For Defendant-Appellant


RAMONA FRANCESCONI ROGERS          ERIN N. POPLAR
Ashland County Prosecutor               Erin Poplar Law, LLC
110 Cottage St.                         1636 Eagle Way
Ashland, Ohio 44805                     Ashland, Ohio 44805

ANDREW N. BUSH
Assistant Prosecuting Attorney
110 Cottage St.
Ashland, Ohio 44805

*Hoffman, J.*

**(¶1)** Defendant-appellant Terri L. Bell appeals her sentence entered by the Ashland County Court of Common Pleas on one count of illegal assembly or possession of chemicals for the manufacture of drugs, in violation of R.C. 2925.041(A), a third degree felony. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE

**(¶2)** On March 10, 2011, Appellant entered a plea of guilty to the aforementioned charge. At the change of plea hearing, the following exchange occurred on the record, prior to the trial court accepting Appellant's plea:

**(¶3)** "The Court: Well, if I accept your plea, Ma'am, do understand that the maximum stated prison term that I could impose is two, three, four, or five years?

**(¶4)** "Ms. Bell: Yes.

**(¶5)** "The Court: Do you understand because of the nature of this charge, it does carry a mandatory prison term of two years?

**(¶6)** "Ms. Bell: Yes.

**(¶7)** "The Court: It also has a maximum potential fine of $10,000, but there is a mandatory minimum fine of $5,000. Do you understand that?

**(¶8)** "Ms. Bell: Yes, I do.

**(¶9)** "The Court: And because it's a drug-related offense, it carries a license suspension for six months and no more than five years. Do you understand that?

**(¶10)** "Ms. Bell: Yes, sir, I do.

**(¶11)** "The Court: You also understand that the court can impose additional financial sanctions to the fines, day fines, court costs, or costs of any sanctions imposed?

**(¶12)** "Ms. Bell: Yes, sir, I do.

**(¶13)** "The Court: Do you understand, Ma'am, that if you are new on felony probation or parole or community control sanctions or any type of post-release control, this plea would possibly result in a revocation proceeding and a new sentence could be imposed consecutively?

**(¶14)** "I am not inquiring as to whether or not you are, but you need to be aware if you are, that that is a consequence?

**(¶15)** "Ms. Bell: Yes, I do understand.

**(¶16)** "The Court: You understand that because there is a mandatory prison term, that any prison term served would not be served with time credit?

**(¶17)** "Ms. Bell: Yes."

**(¶18)** Tr. at 17-18.

**(¶19)** The trial court then conducted a sentencing hearing on April 29, 2011, the following exchange occurred on the record at the hearing:

**(¶20)** "Mr. Sullivan: Your Honor, was it the Court's intention to impose the mandatory minimum?

**(¶21)** "The Court: The Court is imposing three years mandatory.

**(¶22)** "Mr. Sullivan: It's my understanding, Judge - - could we approach on this?

**(¶23)** "The Court: Yes, you may.

**(¶24)** Thereupon, a sidebar was held.

**(¶25)** "The Bailiff: Go off the Record?

**(¶26)** "The Court: No, this needs to be on the Record.

**(¶27)** "Mr. Sullivan: I understand that the mandatory minimum is two years - -

**(¶28)** "The Court: My understanding is that [sic] mandatory minimum is two years and the Court has the option to impose whatever the appropriate sentence is for an F-3, and that sentence is mandatory. Whatever the court imposes.

**(¶29)** "Mr. Sullivan: It's not the Court's intention to impose the mandatory minimum?

**(¶30)** "The Court: I am imposing three years mandatory. If she wants to appeal that then she can.

**(¶31)** "My understanding of the Sentencing statutes and I am not saying that I am an expert at three months on the bench, but my understanding is for purposes of Sentencing, when there is a mandatory sentence, the fact there is a minimum mandatory, what that means is that is a minimum sentence that the court has to impose. It's a mandatory sentence, meaning there is no credit for good time and those kinds of things. That is not meaning that a three, four, five year Sentence is not also mandatory.

**(¶32)** "There is a difference between mandatory time and non-mandatory time, whether it's two years, three years, four years.

**(¶33)** "And my understanding is that this charge carries with it a mandatory sentence, period. It's one of those F-3 Sentences, but that Sentence, whatever it is, is mandatory.

**(¶34)** "Again, if I am wrong, I guess you can appeal it and we all will find out, but that is what the Sentence is.

**(¶35)** "Let me know if you guys have a discussion at the Prosecutor's Office, let me know if I am off base about that.

**(¶36)** "Mr. Bush: I will (Inaudible).

**(¶37)** The Court: That is my understanding. Anything further, Attorney Sullivan?

**(¶38)** "Mr. Sullivan: No, Your Honor.

**(¶39)** "The Court: Anything further, Attorney Bush?

**(¶40)** "Mr. Bush: No, Your Honor.

**(¶41)** "The Court: This matter is concluded."

**(¶42)** Tr. at 12-15.

**(¶43)** Via Judgment Entry of May 3, 2011, the trial court sentenced Appellant to a mandatory three year prison sentence. Appellant was also ordered to pay a mandatory minimum fine in the amount of $5,000, plus court costs.

**(¶44)** Appellant now appeals, assigning as error:

**(¶45)** "I. THE TRIAL COURT ERRED AND DID NOT INFORM APPELLANT OF THE MAXIMUM PENALTY INVOLVED AS REQUIRED BY OHIO CRIMINAL RULE 11(C)(2)(A) AT APPELLANT'S CHANGE OF PLEA HEARING BECAUSE THE COURT DID NOT CLEARLY INFORM APPELLANT THAT ANY PRISON SENTENCE SHE MAY RECIEVE [SIC] OVER THE MANDATORY MINIMUM PRISON TERM OF TWO YEARS WOULD ALSO BE MANDATORY TIME.

**(¶46)** "II. THE TRIAL COURT ERRED AND [SIC] WHEN IT IMPOSED THE MANDATORY MINIMUM FINE ON APPELLANT PURSUANT TO OHIO REVISED CODE SECTIONS 2925.041 AND 2929.18 BECAUSE SHE HAD ALREADY BEEN

FOUND TO BE INDIGENT AND HAD COMPLETED AND FILED AN AFFIDAVIT OF INDIGENCY PRIOR TO SENTENCING.

**(¶47)** "III. IN THE ALTERNATIVE, APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION BECAUSE HER COURT-APPOINTED COUNSEL DID NOT REQUEST THAT THE COURT REFRAIN FROM IMPOSING A MANDATORY FINE ON APPELLANT PURSUANT TO OHIO REVISED CODE SECTIONS 2925.041 AND 2929.18."

I

**(¶48)** Appellant entered a plea of guilty to one count of assembly or possession of chemicals for the manufacture of drugs, in violation of R.C. 2925.041, which reads, in pertinent part:

**(¶49)** "(A) No person shall knowingly assemble or possess one or more chemicals that may be used to manufacture a controlled substance in schedule I or II with the intent to manufacture a controlled substance in schedule I or II in violation of section 2925.04 of the Revised Code.

**(¶50)** "***

**(¶51)** "(C) Whoever violates this section is guilty of illegal assembly or possession of chemicals for the manufacture of drugs. Except as otherwise provided in this division, illegal assembly or possession of chemicals for the manufacture of drugs is a felony of the third degree, and, except as otherwise provided in division (C)(1) or (2) of this section, division (C) of section 2929.13 of the Revised Code applies in determining

whether to impose a prison term on the offender. If the offense was committed in the vicinity of a juvenile or in the vicinity of a school, illegal assembly or possession of chemicals for the manufacture of drugs is a felony of the second degree, and, except as otherwise provided in division (C)(1) or (2) of this section, division (C) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender. If the violation of division (A) of this section is a felony of the third degree under this division and if the chemical or chemicals assembled or possessed in violation of division (A) of this section may be used to manufacture methamphetamine, there either is a presumption for a prison term for the offense or the court shall impose a mandatory prison term on the offender, determined as follows:

**(¶52)** "(1) Except as otherwise provided in this division, there is a presumption for a prison term for the offense. **If the offender two or more times previously has been convicted of or pleaded guilty to a felony drug abuse offense, except as otherwise provided in this division, the court shall impose <u>as a mandatory prison term one of the prison terms prescribed</u> for a felony of the third degree that is not less than two years.** If the offender two or more times previously has been convicted of or pleaded guilty to a felony drug abuse offense and if at least one of those previous convictions or guilty pleas was to a violation of division (A) of this section, a violation of division (B)(6) of section 2919.22 of the Revised Code, or a violation of division (A) of section 2925.04 of the Revised Code, the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the third degree that is not less than five years.***"

**(¶53)** (Emphasis added.)

**(¶54)** Revised Code Section 2925.01 defines "drug abuse offense" and "felony drug abuse offense" as:

**(¶55)** "(H) 'Drug abuse offense' means any of the following:

**(¶56)** "(1) A violation of division (B) of section 2913.02 that constitutes theft of drugs, or a violation of section 2925.02, 2925.03, 2925.11, 2925.12, 2925.13, 2925.22, 2925.23, 2925.31, 2925.32, 2925.36, or 2925.37 of the Revised Code;

**(¶57)** "(2) A violation of an existing or former law of this or any other state or of the United States that is substantially equivalent to any section listed in division (H)(1) of this section;

**(¶58)** "(3) An offense under an existing or former law of this or any other state, or of the United States, of which planting, cultivating, harvesting, processing, making, manufacturing, producing, shipping, transporting, delivering, acquiring, possessing, storing, distributing, dispensing, selling, inducing another to use, administering to another, using, or otherwise dealing with a controlled substance is an element;

**(¶59)** "(4) A conspiracy or attempt to commit, or complicity in committing or attempting to commit, any offense under division (H)(1), (2), or (3) of this section.

**(¶60)** "(I) 'Felony drug abuse offense' means any drug abuse offense that would constitute a felony under the laws of this state, except a violation of section 2925.11 of the Revised Code.

**(¶61)** The record demonstrates Appellant had previously entered a plea or been convicted of multiple felony drug abuse offenses, to wit: illegal processing of drug documents (x2), in violation of R.C. 2925.23; deception to obtain a dangerous drug, in violation of R.C. 2925.22; deception to obtain a dangerous drug (x2); aggravated

trafficking in drugs, in violation of R.C. 2925.03, and trafficking in LSD, in violation R.C. 2925.03. As a result, subsection (C)(1) requires the trial court impose as a *mandatory prison term* one of the prison terms prescribed for a felony of the third degree that is not less than two years.

**(¶62)** The trial court stated on the record the maximum stated prison term was two, three, four or five years. Accordingly, the statute instructs the trial court to select one of the prescribed terms for a third degree felony not less than two years, and then directs the selected term shall be mandatory. Accordingly, we find the trial court could sentence Appellant to a mandatory three years in prison, which is within the range of prescribed terms for the offense.

**(¶63)** Having determined the trial court properly concluded Appellant could be sentenced to a mandatory three year prison sentence, we now must determine if the trial court properly advised Appellant of the maximum penalty at the change of plea hearing.

**(¶64)** Appellant asserts the trial court did not clearly inform her any prison sentence imposed exceeding the mandatory minimum prison term of two years would also be mandatory time, ineligible for jail time credit or judicial release.

**(¶65)** Criminal Rule 11(C)(2)(A), reads:

**(¶66)** "(C) Pleas of guilty and no contest in felony cases

**(¶67)** "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

**(¶68)** "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing."

**(¶69)** Appellant asserts the trial court failed to inform Appellant of the maximum penalty involved as required by Criminal Rule 11(C)(2)(a). We agree.

**(¶70)** As set forth above in the Statement of the Case, the trial court stated at the change of plea hearing the charge carried a mandatory prison term of two years. Later, at the sentencing hearing, the trial court imposed a three year mandatory prison term. Review of the colloquy at the change of plea hearing, as quoted supra, demonstrates Appellant was not informed the trial court could elect a greater **mandatory** term other than a mandatory two year prison sentence. Appellant was not advised a selected prison term of over two years would be mandatory making Appellant ineligible for judicial release.

**(¶71)** As such, we find Appellant was not properly advised as required by Crim.R. 11. Appellant's first assignment of error is sustained.

## II. and III.

**(¶72)** In light of our disposition of Appellant's first assignment of error, we find any discussion of Appellant's second and third assignments of error to be premature.

(¶73)  The judgment of the Ashland County Court of Common Pleas is reversed and the matter remanded to the trial court for further proceedings in accordance with the law and this Opinion.

By: Hoffman, J.

Delaney, P.J.  and

Gwin, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY


s/ W. Scott Gwin _____
HON. W. SCOTT GWIN

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| TERRI L. BELL | : | |
| | : | |
| Defendant-Appellant | : | Case No. 11-COA-019 |

For the reasons stated in our accompanying Opinion, the judgment of the Ashland County Court of Common Pleas is reversed and the matter remanded to the trial court for further proceedings in accordance with the law and our Opinion.  Costs to the state of Ohio.

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney _____
HON. PATRICIA A. DELANEY


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN